FILED

2012 OCT 31  PM 1:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
3  6404 Merlin Drive
   Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
7  1100 Summer Street
   Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   Melvin Wisner
11
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                     EASTERN DIVISION
16
17 Melvin Wisner,                      Case No.:   ED CV 12 - 01889 MMM (DTBx)
18
19           Plaintiff,                COMPLAINT FOR DAMAGES
                                       1. VIOLATION OF FAIR DEBT
20      vs.                            COLLECTION PRACTICES ACT,
                                       15 U.S.C. § 1692 ET. SEQ;
21
   NCC Business Services, Inc.; and DOES  2. VIOLATION OF FAIR DEBT
22 1-10, inclusive,                    COLLECTION PRATICES ACT,
                                       CAL.CIV.CODE § 1788 ET. SEQ.
23
           Defendants.
24                                     JURY TRIAL DEMANDED
25
26
27
28
                                              COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Melvin Wisner, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Melvin Wisner (hereafter "Plaintiff"), is an adult individual residing in Corona, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, NCC Business Services, Inc. ("NCC"), is a Florida business entity with an address of 3733 University Boulevard West, Jacksonville, Florida 32217-2103, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff allegedly incurred financial obligations (collectively referred to as the "Debts") to original creditors (the "Creditor").

9. The Debts arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debts were purchased, assigned or transferred to NCC for collection, or NCC was employed by the Creditor to collect the Debts.

11. NCC attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12. Within the last year, NCC contacted Plaintiff in an attempt to collect the Debts.

13. At all times herein mentioned, NCC contacted Plaintiff by calling him on his cellular telephone.

14. NCC contacted Plaintiff's cellular telephone number, using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

15. During the initial conversation and during each conversation thereafter, Plaintiff informed NCC that he did not believe he owed the Debts and requested a written information regarding the Debts.

16. During the initial conversation and during each conversation thereafter, Plaintiff informed NCC that no payment will be made until he received written information regarding the Debts.

17. During the initial conversation and during each conversation thereafter, Plaintiff further instructed NCC to cease all calls to his cellular telephone.

18. During the initial conversation and during each conversation thereafter, NCC failed to identify itself to Plaintiff and failed to advise Plaintiff that the call was an attempt to collect a debt and all information obtained would be used for that purpose.

19. NCC failed to provide Plaintiff with a written notice as requested by Plaintiff and required by law.

20. On one occasion, in response to Plaintiff's requests to cease communications, NCC stated that Plaintiff should "get used to it" and that NCC would not stop calling Plaintiff until such time as the Debts were paid.

21. Despite repeated requests to stop calls to Plaintiff, NCC continued to place Robocalls to Plaintiff's cellular telephone at an excessive and harassing rate, sometimes placing up to three Robocalls to Plaintiff on a daily basis.

22. Plaintiff retained the services of counsel in an effort to get the calls from NCC to stop. Plaintiff advised NCC that he had retained counsel and provided NCC with the contact information of his attorney.

23. Despite being informed that Plaintiff was represented by counsel, NCC thereafter continued to place Robocalls to Plaintiff.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

26. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

29. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

30. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. NCC Business Services, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

38. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

39. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

40. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Without prior consent and/or following revocation of consent, the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

45. The Plaintiff is entitled to damages as a result of the Defendants' violations, including treble damages for continuing to call Plaintiff at an excessive despite repeated requests to stop the calls.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

49. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

50. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

51. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

52. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

53. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | |
|---|---|
| DATED: October 26, 2012 | TAMMY HUSSIN |
| | By: _____ |
| | Tammy Hussin, Esq. |
| | Lemberg & Associates, LLC |
| | Attorney for Plaintiff, Melvin Wisner |

11  COMPLAINT FOR DAMAGES